[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10624
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cr-80139-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATUSALEN BRIONES-LOPEZ,
a.k.a. Andres Lainez-Diaz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2017)


Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Matusalen Briones-Lopez appeals his above-guidelines sentence of 12-months' imprisonment for illegally reentering the United States without permission after having previously been deported and removed, in violation of 8 U.S.C. § 1326(a).  He asserts his sentence is substantively unreasonable because the district court gave undue weight to then-pending state-court charges against him.  After review, we affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotations omitted).  On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case.  *Id.* at 1190.

The district court did not abuse its discretion by varying upward based on the nature of Briones-Lopez's state court offense as stated in the PSI.  Briones-Lopez did not object to those facts and does not dispute them on appeal, though he

2

noted they had not been adjudicated.  The district court could therefore rely on those facts for sentencing purposes.  *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (failing to object to allegations of fact in a presentence investigation report admits those facts for sentencing purposes).  The district court did not err in considering the facts of the state-court case in evaluating the nature and circumstances of the offense, because Briones-Lopez committed the alleged attempted sexual battery and burglary after illegally reentering the United States.  The uncontested facts established Briones-Lopez admitted he tried to rape the victim and assisted another man in sexually battering her.  Whether or not Briones-Lopez had yet been convicted of the crime was irrelevant to the district court's evaluation of the seriousness of the violent conduct that Briones-Lopez had admitted.  *See United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006) (holding a sentencing court may consider even uncharged or acquitted conduct as long as the facts are proved by a preponderance of the evidence).

While the district court heavily weighed the nature and circumstances of the offense, it also considered other factors.  *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (explaining while the district court must evaluate all of the § 3553(a) factors, it is permitted to attach great weight to one factor over others).  It discussed Briones-Lopez's history by noting his previous two removals.  It examined the possibility of an unwarranted sentencing disparity by asking about

3

the sentence Briones-Lopez's codefendant received and whether there was a difference in culpability. The district court ultimately determined a sentence within the Guidelines range was not justified, despite the possibility of a sentencing disparity. In imposing a one-year sentence, the court still imposed a sentence one year below the statutory maximum of two years, which is an indication the sentence is reasonable. 8 U.S.C. § 1326(a) (providing an alien who illegally reenters the United States without permission after having been removed faces a statutory maximum penalty of two years' imprisonment); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (determining a sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence). The district court did not make a clear error in judgment by weighing the sentencing factors, and the sentence imposed was substantively reasonable. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**